IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN J. VANGSNESS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV205 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| SCHWAN'S SALES ENTERPRISES, INC., | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the court on the plaintiff's motion to remand, Filing No. 33. This employment action was removed from state court pursuant to 28 U.S.C. § 1446 on the basis of diversity of citizenship under 28 U.S.C. § 1332. In his original complaint, plaintiff Steven J. Vangsness alleged his employment was wrongfully terminated by defendant Schwan's Sales Enterprises, Inc. ("Schwan's"). See Filing No. 1, Notice of Removal, Exhibit ("Ex.") A, Complaint. The plaintiff has amended his complaint to allege breach of contract, wrongful termination, age discrimination under Nebraska law and defamation. *See* Filing No. 26, Amended Complaint. Plaintiff moves to remand based on failure to allege the minimum jurisdictional amount.

I.  FACTS

The record shows that Vangsness filed this action against Schwan's in the District Court of Cass County, Nebraska, on April 20, 2007. Filing No. 1, Ex. A, Complaint. On May 25, 2007, defendant timely removed the action to this court. Filing No. 1, Notice of Removal. Shortly thereafter, defendant filed a motion to dismiss for failure to state a claim, asserting that "wrongful termination" is not a viable claim under Nebraska law. Filing No.

5. Vangsness moved to remand the action based on his assertion that the amount in controversy did not meet the minimum jurisdictional amount under 28 U.S.C. § 1332. Filing No. 11.

In the original complaint, plaintiff sought damages for "lost wages and benefits as a result of Defendant's wrongful termination of plaintiff; prejudgment interest from the date of defendant's wrongful termination of plaintiff; and such other relief as the court deems just and equitable." Filing No. 1-2, Ex. A, Complaint. Notably, the original complaint did not allege defamation or libel. *Id.* After briefing and several extensions of time, but before this court had ruled on any pending substantive motions, Vangsness filed a motion for leave to amend his complaint. Filing No. 24. The motion was granted as a matter of right under Fed. R. Civ. P. 15(a), since no answer or motion for summary judgment had been filed. Filing No. 25, Text Order.

In his amended complaint, plaintiff specifically alleged that his "claim against Defendant does not and is not expected to exceed $75,000.00, exclusive of interest and costs." Filing No. 24, Amended Complaint at 1. In support of his motion to remand, Vangsness has submitted an affidavit showing that he obtained other employment on May 1, 2007, that would offset any claimed damages for lost wages and would limit his claimed lost income to $37,500. Filing No. 13, Index of Evidence, Affidavit of Steven J. Vangsness at 2.[1] *Id.* at 3.

---

[1] He also stated in his affidavit, submitted in support of an earlier motion to remand the original complaint, that his claim for defamation and slander, when combined with his lost wages claim "does not and will not" exceed $75,000. As noted, Vangsness did not assert a claim for defamation in his original complaint, other than to allege that "the bases for Plaintiff's termination were wrongful and false." *See* Filing No. 13, Vangsness Aff. at 3; Filing No. 24, Ex. A, Amended Complaint at 2.

In opposition to the motion to remand, defendant contends that removal jurisdiction must be determined at the time of removal and further argues that plaintiff has vigorously litigated in this court, thus consenting to its jurisdiction.

II.  DISCUSSION

First, the court finds that the defendant's assertion that Vangsness's affirmative conduct in federal court amounts to consent to the court's jurisdiction is inapposite.  The district court's discretion to deny a timely motion to remand on the ground that affirmative conduct in federal court waives the right to seek remand applies only to motions to remand on <u>nonjurisdictional</u> grounds.  *See Koehnen v. Herald Fire Ins. Co.,* 89 F.3d 525, 528 (8th Cir. 1996).  Plaintiff's motion is a jurisdictional challenge.

Whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the action is subject to dismissal.  Fed. R. Civ. P. 12(h)(3).  Even if the allegation of jurisdictional amount has not been challenged, a court has a duty to ensure that the amount in controversy satisfies the statutory requirements.  *James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 830 (8th Cir. 2005).  A district court is required to resolve all doubts about federal jurisdiction in favor of remand.  *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 624 (8th Cir. 1997).

The burden is on the party invoking federal jurisdiction to show by a preponderance of the evidence the claims originally asserted by plaintiff could legally satisfy the amount in controversy requirement.  *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).  Thus, in a removed case, it is the defendant who must prove by a preponderance of evidence that the amount in controversy exceeds $75,000.  *James Neff Kramper Family Farm,* 393 F.3d

at 830; *Missouri v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir.1995) ("[w]hen a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence").

The amount claimed by plaintiff generally controls in determining the jurisdictional amount. *See Zunamon v. Brown*, 418 F.2d 883, 885 (8th Cir. 1969) (involving diversity jurisdiction). "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* Even if the defendant may be liable for an amount in excess of $75,000, the plaintiff may avoid federal jurisdiction or thwart attempts at removal by claiming less than the jurisdictional amount in the complaint. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 294 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."). When a plaintiff files a suit in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court." *Id.* at 290. An affidavit showing the plaintiff did not seek more than $75,000 in the complaint can be determinative of the issue. *See id.* at 294. Events occurring subsequent to the institution of suit that reduce the amount recoverable below the statutory limit do not oust jurisdiction. *St. Paul Mercury,* 303 U.S. at 590-91.

"Although our jurisdictional inquiry focuses on the claims made at the time of removal, such that certain subsequent events---for example, the dismissal of one or more

4

claims or parties---do not divest us of jurisdiction, we still judge the legitimacy of the amount in controversy 'based on information known to the court at the time jurisdiction [is] challenged.'" *Neff, at 834* (*quoting Kopp v. Kopp,* 280 F.3d at 885); *Missouri ex rel. Pemiscot County v. W. Sur. Co.,* 51 F.3d 170, 173-74 (8th Cir. 1995) (stating "[a] mere allegation made at the beginning of the action is insufficient when, after extensive discovery, the amount in controversy is challenged"). Accordingly, this court "must consider the information known to [the court] now." *James Neff Kramper Family Farm,* 393 F.3d at 831 (noting that "if the legitimacy of the claimed amount in controversy had been challenged at the time of removal instead of now, it would have been found as lacking then as it is now").

If the court is satisfied to a legal certainty, from the face of the pleadings or from the proofs, "that the plaintiff never was entitled to recover [the jurisdictional] amount," the court lacks jurisdiction. *Zunamon v. Brown,* 418 F.2d 883; *St. Paul Mercury,* 303 U.S. at 287; *see also James Neff Kramper Family Farm,* 393 F.3d at 831 (stating that if it appears to a legal certainty that the plaintiff cannot in good faith claim the jurisdictional amount, dismissal for lack of subject matter jurisdiction is warranted). An amount that a plaintiff claims is not "in controversy" if no fact-finder could legally award it. *See Kopp v. Kopp*, 280 F.3d at 885.

Vangsness has submitted evidence that shows that, at the time of the removal of the action, he had obtained other employment that would limit his damages for lost wages. Further, he is bound by his representation to the court that he does not seek damages in excess of $75,000 in total damages. He cannot now, in good faith, claim damages over that amount. He will be estopped from doing so. In light of Vangsness's showing that, at

the time of removal, his lost wages claim was limited, Schwan's has not sustained its burden of showing that the amount in controversy exceeds the jurisdictional limit.

The court lacks jurisdiction to consider other issues. Accordingly,

IT IS ORDERED that this action is remanded to the District Court of Cass County, Nebraska.

DATED this 25th day of October, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Joseph F. Bataillon
Chief United States District Judge